IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ISMAEL HERNANDEZ PADILLA, #356764, Plaintiff, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:18-CV-1522-S-BK |
| THE U.S. DISTRICT COURT OF NORTHERN DISTRICT OF TEXAS, et al., Defendants. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was referred to the United States magistrate judge for judicial screening. On June 12, 2017, Plaintiff, a state prisoner, filed his *Motion to Request More Information and Notify the U.S. Court of Appeals that Sanctions, Denial of Due Process of Law, Equal Protection or Equal Protection of the Laws, Cannot be Denied, the Petitioner Request my [sic] the Courts of U.S.'s Service.* Doc. 2 at 1. The Clerk of the Court filed the pleading in this cause as a new civil complaint. For the reasons that follow, it is recommended that this case be summarily **DISMISSED** as barred by three strikes.

I.     ANALYSIS

The "three-strike" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals in federal court that were dismissed as frivolous or malicious, or for failing to state a claim. *Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2007); *Brown v. Meg*, 857 F.3d 287, 290-91 (5th Cir. 2017) (holding "that a strike issues only when the entire case is dismissed for being frivolous, malicious, or failing to state a claim"). The United States Court of Appeals for the Fifth Circuit previously

found Plaintiff was barred from pursuing a federal civil action by three strikes.  *See Padilla v. Pride-Richardson,* 533 F. App'x 442, 442-43 (5th Cir. 2013) (per curiam) ("reiterat[ing] that Padilla is barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he 'is under imminent danger of serious physical injury'").

Having accumulated three "strikes," section 1915(g) precludes Plaintiff from proceeding in this action *in forma pauperis* unless he alleges he is in "imminent danger of serious physical injury" at the time of filing the complaint.  *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (*per curiam*).  Plaintiff has not met that standard here.  He complains that on May 29, 2018, the United States Bankruptcy Court refused to provide him copies of the prisoner civil rights complaint form.  Doc. 2 at 1.  He again seeks to hallenge the three-strike bar and this Court's failure to grant an evidentiary hearing in his federal habeas corpus actions.  Doc. 2 at 2-4.  Even when liberally construed, however, the complaint is wholly devoid of any allegation of imminent danger of serious physical injury.  Plaintiff, thus, is barred from proceeding *in forma pauperis* under section 1915(g).

## II.    RECOMMENDATION

Accordingly, this action should be **DISMISSED** as barred by the three-strike provision of 28 U.S.C. § 1915(g).  Such dismissal is with prejudice to the refiling of an *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice to the refiling of this

lawsuit with full payment of the $400.00 filing fee.

**SO RECOMMENDED** July 9, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE